IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVELYN ROMERO
and RICKY ROMERO,

        Plaintiffs,

vs.                                  CIVIL NO.  08-257 LFG/RLP

ROBERT VASQUEZ
and GARY JOHNSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR NEW TRIAL

THIS MATTER is before the Court on Plaintiffs' Motion for New Trial [Doc. 115].  The Court considered the motion and Defendants' Amended Response [Doc. 119].  The reply was due July 29, 2010, but none was filed.  Oral argument is not necessary.

### Procedural Background

Plaintiffs' claims were tried to a jury which, after a three-day trial, entered its verdict in favor of Defendants on all of Plaintiffs' claims.  The Court's Judgment, consistent with the jury's verdict, was entered on May 28, 2010.

### Plaintiffs' Motion

Plaintiffs argue that "the clear evidence" compelled a finding that Detective Vazquez caused interference with their familial relations in connection with the taking of custody of Plaintiff Ricky Romero, and that the jury's finding in favor of Defendant was "against the clear weight of evidence." [Doc. 116, Memorandum in Support of Motion for New Trial, § I, p. 3].  In support of their argument, Plaintiffs highlight statements that Detective Vazquez told Ricky "You need to pack your things and I'm going to take you out of the house.  We'll find somebody for you to stay with

you, your sister, your brother or your Aunt Andy." [Id.]. Further, Plaintiffs state that there are references in the transcripts of recordings indicating that Detective Vazquez "had taken custody of the children." [Id.].

Secondly, Plaintiffs argue that the jury should not have found that Defendants had a reasonable belief of an emergency circumstance which allowed them to enter the Romero home without a warrant. Plaintiffs conclude that "the great weight of the evidence" was against Defendant Vazquez, and, therefore, the Court should order a new trial. [Doc. 116, § III, p. 6].

## **Timeliness of Motion**

Defendants challenge Plaintiffs' motion for a new trial contending that it is untimely. Defendants are mistaken. Revisions to the Federal Rules of Civil Procedure modified the time for filing a motion for a new trial under Fed. R. Civ. P. 59(b). Before December 1, 2009, the effective date of the rule revision, there was a ten-day period from entry of judgment within which to file a motion. That ten-day deadline proved to be unrealistically short, and, consequently, the time limit was modified. Now, a motion for a new trial must be filed within twenty-eight days after the entry of judgment.

The filing within the twenty-eight-day period is critical as the Court has no authority to extend the time or to find a waiver. *See* Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 402-03 (3d Cir. 2003); *see also* Fed. R. Civ. P. 6(b)(2).

In this case, the Court entered judgment on the jury's Special Interrogatories on May 28, 2010 [Doc. 110]. Thus, the twenty-eighth day from May 28 was June 25, 2010. That was the deadline for filing the motion and Plaintiffs filed their motion on that date. Thus, Plaintiffs' motion is timely.

### The Court's Discretion

In considering a motion for a new trial, a trial court has vast discretion. *See* Gasperini v. Center For Humanities, Inc., 518 U.S. 415, 433 (1996)("the authority of trial judges to grant new trials . . . is large."); Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) ("The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court.")

Indeed, in commenting on the Court's discretion, Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 1123-24 (2010), note, "So broad is this discretion in certain contexts, that one court has described it as 'virtually unassailable on appeal.'" (*Citing* Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 867 (8th Cir. 2004)).

Baicker-McKee, Janssen & Corr also note that while a court has vast discretion, it must nonetheless "proceed carefully, and avoid merely substituting its judgment for the jury's without good reason." Id. at 1124. *See* Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc., 615 F. Supp. 2d 304, 310 (D. Del. 2009).

### The Jury's Discretion

The Court must consider that the jury, sitting as fact finder, makes decisions on credibility. It sees the witnesses while they testify; it assesses credibility; it chooses to credit or discredit the testimony of any witness; it determines whether any witness's testimony has been impeached by prior inconsistent statements or conduct; it considers the evidence presented in light of all of the evidence in a case; it considers the interest, bias and prejudice of the witnesses; and, ultimately, it determines from the conflicting testimony what set of facts to believe.

In this case, while there was evidence submitted that supports Plaintiffs' theory of the case, there was also a wealth of evidence that fully supported the jury's conclusions. For example, Ricky

Romero's courtroom testimony was impeached by his earlier recorded statements that are 180 degrees different than his trial testimony. So, too, there were significant conflicts and contradictions in Evelyn Romero's own testimony. For example, her earlier recorded statements concerning her son Ronnie Romero's conduct which prompted her to make an emergency 911 call, and her statements to police about his menacing conduct while armed with a knife, are at opposite ends of the spectrum from her courtroom testimony where she related that Ronnie was holding the knife only to slice some bologna and her concern that evening was that Ronnie was simply making a mess in the kitchen. The jury was free to believe or disbelieve the Plaintiffs' courtroom testimony.

### **Taking Custody**

While the Court recognizes that there were significant conflicts in the evidence as to whether Detective Vazquez had or had not "taken custody" of Ricky and Marcos, it is the exclusive province of the jury to weigh the evidence, determine the credibility of the witnesses, and choose to accept or reject particular testimony. "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).

It is not the function of the Court to look only at the evidence that supports Plaintiffs' argument for a new trial, but to determine whether there is substantial evidence that supports the jury's findings. In this case, there is ample evidence to support the jury's conclusions.

### **Existence of an Emergency**

So, too, with Plaintiffs' claims that the jury erred in finding an emergency circumstance authorizing the warrantless entry into the Romero home. The jury was free to consider all of the evidence in this case, including the statements by Evelyn Romero and Ricky Romero to police at

4

and around the time of Mrs. Romero's 911 call in which she expressed fear that Ricky was using drugs and that she didn't want him at home. There was evidence demonstrating that Ricky Romero feared for his own safety; that he believed his brother Ronnie could inflict harm; that he had observed Ronnie's conduct when Ronnie was in a drug-induced state, and that conduct was unpredictable. Ricky had complained about Ronnie's access to weapons and heard him make threats to harm or even kill others.

Police officers were monitoring telephone calls at the Romero residence and overhead a heated fight between Ronnie, who had been served with a Grand Jury subpoena, and Latasha Davis, the mother of Ronnie's children. Earlier information related to alleged domestic abuse of Latasha. This evidence was sufficient to allow a jury to determine that an emergency circumstance existed that authorized a warrantless entry into the residence to check on the safety of Latasha and the children.

Ricky Romero, in his earlier recorded statement with Detective Vazquez, related a threat by Ronnie to kill Latasha and place her body where no one would ever find it. Thus, evidence that the police overheard a fight between Ronnie and his wife occurring at the Romero residence, linked with the prior information police had about Ronnie's conduct when on drugs and risk of harm to others, may well have compelled the jury to conclude that an emergency situation existed justifying the police entry into the Romero home without a warrant.

The Court disagrees with Plaintiffs' assessment concerning the weight of the evidence, and, contrary to Plaintiffs' contention, determines that there was substantial evidence submitted to the jury from which it could find in favor of the Defendants and against the Plaintiffs on each question presented. In the sound exercise of the Court's discretion, *see* Allied Chem Corp. v. Daiflon, Inc., the Court DENIES the motion for a new trial.

IT IS SO ORDERED.

*Lorenzo F. Garcia*

Lorenzo F. Garcia
United States Magistrate Judge